U.S. BANKRUPTCY COURT
DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
JUN 25 2024
FILED        RECEIVED

DEAR JUDGE MORA,                              6-20-2024

HELLO MY NAME IS JOE KARAM. I AM WRITTING YOU CONCERNING MY ASSIGNMENT WITH ROBERT GIBSON. MY LAWYER JEFFERY SISKIND HAS BEEN REPRESENTING ME PRO BONO FOR THE PAST 3 YEARS. NOTHING HAS BEEN DONE. JUDGE FRANCIS RULED ON THIS CASE IN JAN 2021. NOBODY WILL UPHOLD HER RULING. I HAVE CALLED TALLAHASSEE NUMEROUS TIMES AND SENT JUSTICE RENATHA FRANCIS NUMEROUS LETTERS. I ENCLOSED JUST ONE. ALL I WANT IS MY ASSIGNMENT BACK. THANK YOU FOR YOUR CONSIDERATION WITH THIS MATTER. SINCERLY,

Joe Karam

[signature]
6-20-2024

MY NEW ADDRESS IS

420 4TH LANE S.W.
VERO BEACH, FL. 32962

I JUST MOVED ON THE 1ST OF JUNE. THANKS
561-633-3562



*MARIA*
*361-574-4109*
*LORRAINE ADAM*
*CALLED 6-20-2024*



ORDERED in the Southern District of Florida on December 13, 2023.

Mindy A. Mora, Judge
United States Bankruptcy Court

---

**United States Bankruptcy Court**
**Southern District of Florida**
www.flsb.uscourts.gov

*1575 NORTH FLAGLER DRIVE*
*801 WEST P.B. 33401*

In re:

**Name of Debtor(s): Robert Allen Gibson**

**Case Number: 23-16430-MAM**

**Joseph Karam**

Plaintiff(s)

VS.

**Adversary Number: 23-01240-MAM**

**Robert Gibson**

Defendant(s)

## ORDER SETTING SCHEDULING CONFERENCE AND ESTABLISHING PROCEDURES AND DEADLINES

To secure the just, speedy, and inexpensive determination of this adversary proceeding, it is

**ORDERED** as follows:

1. **SCHEDULING CONFERENCE.** Consistent with Fed. R. Civ. P. 16, made applicable here by Fed. R. Bankr. P. 7016, the Court will conduct a scheduling conference at:

   Date: **December 19, 2023**

   Time: **10:00 AM**

Dear Supreme Court Justice
Renath Francis,

3-20-2023

My name is Joseph P. Karam Jr. I am writing you consirning your ruling you made agaist Robert Bibson. See attached order. 3 judges will not uphold your ruling, Judge Happel, Judge Castranouses and Judge Bell, they are all making a mockery of your ruling, even after taking judical notice.

All I have been asking is that Giggin be relived of all assignments.

The state attorney will not do nothing at all to help me.

1. Practing law without a license 454.23
2. Filing false court documents 831.01
3. Perbury 775.082   All feloneys.
4. Fradulent inducement.

Thank you for your consideration with this matter please help me

Sincerly
JPK

Joseph P. Karam Jr
785 8th Court, Unit 8
Vero Beach, FL. 32962
561-633-3562

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION AF
CASE NO. 50-2022-CA-000912-XXXX-MB

JOSEPH KARAM,
    Plaintiff/Petitioner

vs.

ROBERT ALLEN GIBSON,
    Defendant/Respondent.
_____/

## ORDER SPECIALLY SETTING HEARING

**THIS MATTER** is specially set for hearing in Courtroom **9D** at the Palm Beach County Courthouse, 205 N. Dixie Highway, West Palm Beach, FL 33401, as follows:

**DATE OF THE HEARING:** January 30, 2023
**TIME OF THE HEARING:** 09:00 am
**AMOUNT OF TIME RESERVED:** 30 minutes

*[handwritten: SUPREM COURT JUSTICE FRANCIS 500 SOUTH DUVAL ST. TALLAHASSEE, F. 32399]*

**ZOOM LINK:** https://us02web.zoom.us/j/93030541310
    Meeting ID: 930 3054 1310
    Toll Free:   (877) 853-5257
                  (888) 475-4499

**ALL PARTIES AND ATTORNEYS MUST BE IN ATTENDANCE FOR THIS HEARING.**

**THIS HEARING CANNOT BE CANCELED OR RESET EXCEPT BY FURTHER ORDER OF THE COURT.**

**DONE AND ORDERED** in Chambers, at West Palm Beach, Palm Beach County, Florida.

*[handwritten: A MOCKERY OF HER RULING]*

50-2022-CA-000912-XXXX-MB   01/23/2023
Carolyn Bell   Circuit Judge
ADMINISTRATIVE OFFICE OF THE COURT

50-2022-CA-000912-XXXX-MB   01/23/2023
Carolyn Bell
Circuit Judge

Copies furnished to counsel of record @ registered e-mail addresses with ADA language.

**COPIES TO:**
JEFFREY SISKIND ESQ 3465 SANTA BARBARA DRIVE
WELLINGTON, FL 33414

jeffsiskind@msn.com
jeffsiskind@gmail.com

*[handwritten: JUSTICE REVATHA FRANCIS UPHOLD YOUR RULING! CLERK'S OFFICE 850-488-0125]*

*[handwritten: FRADULENT INVOICE 775.082 PERGURY 3RD DEGREE FELONY 831.01 FILING FALSE COURT DOC. 454.23 PROCURING LAW ARREST ...]*

Page 1 of 3

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

IN RE:

Case No: 502018CP001919XXXXMB

Estate of John Snow

_____/

## AMENDED ORDER ON ESTATE'S AMENDED MOTION TO STRIKE ROBERT GIBSON'S CLAIMS OR REQUIRE POSTING OF ADEQUATE SECURITY AND TO TAKE JUDICIAL NOTICE

THIS CAUSE came before the Court at an evidentiary hearing on the Estate's Amended Motion to Strike Robert Gibson's Claims or Require Posting of Adequate Security and to Take Judicial Notice on January 22, 2021, and the Court having heard argument of the parties, reviewed the record in this case and related matters, and being otherwise fully advised upon the premises, does hereby be it

ORDERED AND ADJUDICATED, that as to the Estate's Motion to Strike Mr. Gibson's substantive claims;

Mr. Gibson admitted that he filed motions in this case on the basis of being assigned claims by Joseph P. Karam, a former commercial tenant of the decedent, John Snow, and that the claims were related to claims brought by Mr. Karam in Palm Beach County case no. 2018-CA-006030. The Estate attached a copy of Mr. Karam's complaint as Exhibit A" to its motion.

Mr. Gibson also admitted that he initially met Mr. Karam when he worked for the estate's counsel and eventually offered to participate in Mr. Karam's cause of action in accordance with the terms of the Acknowledgment of Assignment of Claim ("Assignment") which Mr. Gibson admitted that he drafted for Mr. Karam's signature.

Mr. Gibson admitted that he has used documents similar to the Assignment to acquire causes of action from others, and that the Assignment is the basis for his standing in this case.

Mr. Gibson admitted that he knew that Mr. Karam was involved in eviction litigation with the Estate, the purpose of which was to evict Mr. Karam from a commercial building owned by the Decedent, when he drafted the Assignment and obtained Mr. Karam's signature.

Mr. Gibson admitted that he was aware that Mr. Karam had filed suit against the Estate for unlawful eviction, but stated that Mr. Karam's case was "thrown out" because the case had already been assigned to Mr. Gibson. Contrary to Mr. Gibson's statements, however, Estate counsel attached as "Exhibit C" an order by the Honorable James Nutt which dismissed Mr. Karam's claims against the Estate with prejudice.

The Court has compared Mr. Karam's claims in the case which he brought to conclusion against the Estate and finds that they are sufficiently similar to those upon which Mr. Gibson rests and concludes that the claims advanced by Mr. Gibson in this case are barred by collateral estoppel.

Mr. Gibson testified that he has a counterclaim for wrongful eviction which is now noticed for trial. However, the only case involving Mr. Gibson is Palm Beach County case no. 2018-CC-001229, within which Mr. Gibson filed counterclaims against the Estate for unjust enrichment and wrongful eviction on June 8, 2018 at Docket Entry 23. It should be also noted that Palm Beach County case no. 2018-CC-007227 wherein Mr. Karam was represented by counsel who raised affirmative defenses of unjust enrichment and wrongful eviction "as asserted more fully in the Counterclaim of Robert Gibson in Case No. 2018CC001229XXXXMB" was consolidated with case no. 2018-CC-001229.

Mr. Gibson testified that he had appealed this case but court records indicate that he likely confused another case involving Mr. Karam (Palm Beach County case no. 2017-CA-003383, styled Joseph P. Karam v. Lorie Fischer) for which Mr. Gibson obtained an assignment of Mr. Karam's claims. After Mr. Gibson appealed an adverse order in this case

to the Fourth District Court of Appeals (case no. 4D18-1253), the 4th DCA affirmed the lower court decision and issued a mandate on April 5, 2019. A troubling aspect of that case which should be noted is that, although the Honorable Donald W. Hafele recognized that Mr. Karam assigned his interest to Mr. Gibson, Mr. Karam kept filing papers which indicates that Mr. Karam did not fully understand the meaning of the Assignment which he executed. See Judge Hafele's order at Docket Entry 99.

AND FURTHER, as to the Estate's vexatious litigant claim;

Mr. Gibson claims that he was not adjudicated a vexatious litigant pursuant to Section 68.093, Florida Statutes, despite the Honorable James Martz's July 9, 2019 order in Palm Beach case no. 2018-CA-006574 stating otherwise. Mr. Gibson further claimed that Judge Kastranakes who replaced Judge Martz in response to Mr. Gibson's successful motion for recusal stated that the order was not final and cannot be relied upon (See Judge Kastrenakes' order attached as "Exhibit C" to Docket Entry 29 in this case). The Court notes that this order was issued in yet another case (Palm Beach County case no. 2018-CA-012099) in which Mr. Gibson, a non-attorney, was assigned a cause of action and that neither the Estate or the Estate's counsel was a party to that action.

Mr. Gibson timely filed a Verified Motion to Reconsider Order Granting Defendant's Motion to Determine that Robert Gibson is a Vexatious Litigator and Require Furnishing of Appropriate Security" within which Mr. Gibson states as a reason for his failure to appear some confusion brought on by his adversary's hearing scheduling changes. However, the record shows that the July 9, 2019 hearing was set <u>by the Court</u> in a Notice of Hearing which was docketed on May 28, 2019 (See Docket Entry 120).

Moreover, the Motion which was heard on July 9, 2019 (filed May 26, 2019 at Docket Entry 121) attached a list of cases which Mr. Gibson filed pro se and lost in the preceding five years. Two of the unsuccessful circuit court cases are cases in which Mr.

Gibson was assigned rights to litigate by and on behalf of the owners of the causes of action. In the third unsuccessful case, Mr. Gibson initiated a cross-claim against the codefendants. All three of the listed unsuccessful appeals were initiated by Mr. Gibson. The list does not include Mr. Gibson's unsuccessful malpractice action within which this motion practice occurred because Mr. Gibson has appealed the unfavorable result.

The Court addressed Mr. Gibson's reconsideration motion at a hearing on August 15, 2019 by allowing fourteen (14) days for the parties to provide memoranda of law to address whether or not unsuccessful pro se appeals could be counted toward the five-in-five case threshold which triggers Florida's vexatious litigant statute, during which time Mr. Gibson's adversary (who is counsel for the Estate in this case) provided the Court with an additional unsuccessful pro se case and three (3) cases *to be watched* which are relevant because Mr. Gibson took assignments of the original litigants' interests (See Docket Entries 153, 154) while testifying in this case that there were not many instances of his acquiring cases by taking assignments. Also worth noting are two yet additional cases provided to the Court in Docket Entry 157.

Opposing counsel timely filed its supportive Memoranda of Law on August 29, 2019 at Docket Entry 155. Mr. Gibson did not timely file a Memorandum of Law and instead filed an objection which falsely claimed that opposing counsel had failed to abide by the Court's order and stated that he conducted "key word search[es]" for Florida cases which mentioned "vexatious" or "68.093" and identified 59 cases, but could not find an opinion to support his position that appeals cannot be counted toward meeting the five-in-five vexatious litigant threshold. Mr. Gibson also requested two (2) additional days to provide the Court with a bookmarked appendix. Despite the passage of almost seventeen (17) months, Mr. Gibson has not yet filed anything and instead claims that the Court's August 15, 2019 order combined with his own inaction means that the matter as to whether he is a

vexatious litigant remains unresolved and is not a final order.

On April 3, 2020, after more than a year had passed since summary judgment against Mr. Gibson was granted, the opposing counsel filed a Motion to Deny Reconsideration and Partially Close Case at Docket Entry 196. On the morning of April 8, 2020, the date set for a hearing on opposing counsel's motion to deny reconsideration, Mr. Gibson filed emergency motions to recuse Judge Martz and stay the case. Judge Martz granted the recusal motion on April 13, 2020, leaving the vexatious litigant order in place.

The malpractice case discussed above is not counted toward the five-in-five vexatious litigant threshold because the summary judgment entered against him was appealed by Mr. Gibson on June 14, 2020, who has moved for several extensions of time and has not yet filed his initial brief. See Fourth District Court of Appeal case no. 4D20-1389, a case recently consolidated with opposing counsel's appeal of the lower court's denial of Section 57.105, Florida Statutes sanctions; case no. 4D20-1876.

Opposing counsel filed a motion to strike Mr. Gibson's motion for reconsideration of the vexatious litigant order in order to resolve the issue of finality in lieu of Mr. Gibson's demonstrated inaction. Until such time as that motion is resolved, the Court will reserve on this aspect of relief requested pending said resolution.

The Court takes judicial notice of the matters expressed by the parties and documents filed, including Court orders, in related cases.

The Court further finds that the Assignments routinely used by Mr. Gibson amount to a means to evade the statutory prohibition against practicing law without a license, a felony, and are therefore illegal and unenforceable.

The Court finds that matters which Mr. Gibson seeks a remedy in this case are barred by collateral estoppel, since these same matters were already adjudicated in at least one other case of which Mr. Gibson was aware.   JAN 2021

DONE AND ORDERED this March 3, 2021.

_____
Circuit Court Judge

Copies to:
Jeffrey M. Siskind, Esq. via email; jeffsiskind@msn.com
Robert Gibson, pro se via email; intelexigent@gmail.com

JOSEPH P. KARAM JR
420 4TH LANE SW
VERO BEACH, FL. 32962

ORLANDO FL
21 JUN 2024 PM



UNITED STATES BANKRUPTCY COURT
ATT: JUDGE MINDY A. MORA
1515 NORTH FLAGLER DRIVE
801 WEST PALM BEACH, FL
33401

33401-343101